**FILED**

**February 26, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:55 P.M. EASTERN**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **LONN DOUGLAS REAS,** | ) | **Docket No. 2016-03-1056** |
| Employee, | ) | |
| v. | ) | |
| **TDS TELECOM,** | ) | **State File No. 99224-2015** |
| Employer, | ) | |
| And | ) | |
| **SENTRY INSURANCE CASUALTY** | ) | **Judge Pamela B. Johnson** |
| **COMPANY,** | ) | |
| Carrier. | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This case came before the Court on February 14, 2018, on TDS Telecom's Motion for Summary Judgment. The central legal issue is whether TDS is entitled to summary judgment due to Mr. Reas' failure to come forward with evidence at this summary judgment stage supporting essential elements of his claim. For the reasons set forth below, the Court holds that TDS is entitled to summary judgment and dismisses his claim with prejudice.

### History of Claim

On November 24, 2015, Mr. Reas was involved in a motor vehicle accident while working for TDS and allegedly sustained bilateral hand pain. He received medical care for the injury from Dr. E. Brantley Burns, who diagnosed bilateral carpal tunnel syndrome. Dr. Burns placed Mr. Reas at maximum medical improvement on March 30, 2017, assigning a two-percent permanent medical impairment to the whole person.

The parties entered into a voluntary settlement agreement, in which Mr. Reas accepted a permanent partial disability award of nine weeks at his worker's compensation rate of $858.00 per week, for a sum of $7,722.00 with lifetime future medical benefits. The settlement agreement indicated the initial compensation period expired on June 1, 2017, but before the expiration of the period, Mr. Reas "resigned in lieu of termination

1

from [TDS] for reasons unrelated to the alleged work injury." The settlement agreement further indicated, as of June 1, 2017, Mr. Reas had not returned to work with another employer earning at least 100 percent of his pre-injury wages received from TDS as of the injury date. Additionally, the settlement agreement provided that Mr. Reas could file a Petition for Benefit Determination (PBD) to determine whether he is entitled to increased benefits under Tennessee Code Annotated section 50-6-207(3)(B) (2017). The Court approved the settlement agreement on July 3, 2017.

Shortly afterward, Mr. Reas filed a PBD seeking increased benefits. In the PBD, he stated, "I was terminated by TDS for performance and then given the ability to have it termed 'resignation in the face of dismissal.' Bottom line is I was fired, escorted out of the building[,] and not for misconduct." The parties were unable to resolve the disputed issues, and the Mediator issued a Dispute Certification Notice (DCN). A Scheduling Hearing followed, and the Court set the Compensation Hearing for March 20, 2018, along with other prehearing deadlines.

TDS then filed this motion seeking summary judgment as a matter of law. It argued that Mr. Reas either (1) voluntarily resigned for reasons other than his work injury, or (2) was terminated for failure to comply with TDS performance standards. It asserted that Tennessee Code Annotated section 50-6-207(3) prevents recovery in either situation.

In support of its position, TDS filed a Statement of Undisputed Facts. It noted Mr. Reas executed a Separation Agreement and General Release, which stated the parties would treat his resignation as a "resignation in the face of discharge." Also, Mr. Reas received a separation letter, which identified the basis for termination as "unacceptable performance." Mr. Reas stated in his PBD that he was "terminated for performance and then given the ability to have it be termed 'resignation in the face of dismissal.'" Likewise, Mr. Reas acknowledged in his written discovery responses that his separation was due to performance issues and denied his employment separation was due to any reason other than performance issues. Additionally, Mr. Reas received approval for unemployment benefits upon a finding that he was "discharged for failure to meet job requirements/standards." Thus, TDS averred any dispute regarding Mr. Reas' separation from TDS is immaterial to whether he is entitled to increased benefits; thus, it is entitled to summary judgment as a matter of law.

In response, Mr. Reas argued that TDS indicated to him through the separation process that he would receive "full medical treatment and benefits" from the injuries he suffered while on the job at TDS. He asserted the separation agreement clearly laid out the negotiated details and confirmed TDS had no desire to prevent him from receiving "any medical treatment, benefits[,] or unemployment wages." He additionally asserted his termination occurred during the course of active treatment for his work-related injuries. Mr. Reas noted the separation agreement confirmed that TDS would not

2

challenge his ability to receive benefits, providing, "4. TDS agrees not to affirmatively challenge Mr. Reas' entitlement to unemployment compensation benefits as provided by law and will confirm that he resigned in the face of discharge." He agreed he signed the court-approved settlement agreement, which specifically stated that he voluntarily resigned instead of termination. He further agreed that he resigned in the face of discharge based on the negotiated terms of the separation agreement, which stated TDS would not challenge any unemployment or medical benefits. He stated TDS' agreement to not challenge benefits should be the basis for the Court's determination that he is entitled to additional benefits related to permanent partial disability.

## Legal Principles and Analysis

Tennessee Code Annotated section 20-16-101 and Tennessee Rule of Civil Procedure 56 govern motions for summary judgment. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Aside from Rule 56, in motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it: "(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101.

In response, Mr. Reas, as the nonmoving party, must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* (emphasis added).

Here, Mr. Reas' general response is defective. He did not respond to TDS' Statement of Undisputed Facts and did not set forth facts in dispute with specific citations to the record. Self-represented litigants "must comply with the same standards to which lawyers must adhere." *Burnette v. K-Mart Corp.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Jan. 20, 2015). The Workers' Compensation Appeals Board explained that courts must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.*

Mr. Reas failed to comply with Rule 56's requirements, and this Court cannot excuse his noncompliance with the rules that TDS must observe. Likewise, the Court cannot consider legal arguments that Mr. Reas did not fully develop or cite to existing

3

law. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

TDS argued that Mr. Reas is not entitled to increased benefits regardless of whether he voluntarily resigned instead of termination or whether it terminated him for unacceptable performance.

The Workers' Compensation Law provides that an employee may be entitled to increased permanent partial disability benefits if the employee has not returned to work with any employer or has returned to work and is receiving wages less than 100 percent of the wages received from his pre-injury employer on the date of injury. Tenn. Code Ann. § 50-6-207(3)(B). The statute specifically provides, in part,

> Under no circumstances shall an employee be entitled to additional benefits when:
> (i) The employee's loss of employment is due to the employee's *voluntary resignation or retirement*; provided, however, that the resignation or retirement does not result from the work-related disability;
> (ii) The employee's loss of employment is due to the *employee's misconduct connected with the employee's employment*[.]

Tenn. Code Ann. § 50-6-207(D) (emphasis added).

Applying the above standards, the Court finds Mr. Reas failed to show that he did not voluntarily resign or resigned because of his work-related disability. He likewise failed to show that his termination was not due to misconduct connected with his employment. In fact, he admits to both. Mr. Reas stated in his PBD that he was "terminated for performance and then given the ability to have it be termed 'resignation in the face of dismissal.'" Likewise, Mr. Reas acknowledged in his written discovery responses that his separation was due to performance issues, and he affirmatively denied his employment separation was due to any reason other than performance issues.

The Court further finds misplaced Mr. Reas' reliance on a statement in the separation agreement that, "4. TDS agrees not to affirmatively challenge Mr. Reas' entitlement to unemployment compensation benefits as provided by law and will confirm that he resigned in the face of discharge[.]" Entitlement to unemployment benefits is separate and distinct from entitlement to workers' compensation benefits. The parties' negotiated agreement that TDS would not challenge Mr. Reas' right to seek unemployment benefits has no bearing on TDS' right to challenged Mr. Reas' right to increased benefits.

4

Thus, having carefully reviewed the evidence in a light most favorable to Mr. Reas, this Court concludes he failed to demonstrate that his evidence is sufficient at this summary judgment stage to identify a dispute as to a material fact in this case. Accordingly, the Court grants TDS' summary judgment motion and dismisses Mr. Reas' claim with full prejudice against refiling.

**IT IS, THEREFORE, ORDERED** as follows:

1. TDS's Motion for Summary judgment is granted, and Mr. Reas' claim against TDS for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling.

2. The filing fee of $150.00 is taxed to TDS under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), to be paid within five business days of the entry of this order, and for which execution may issue as necessary.

3. TDS shall prepare and submit the SD-1 within ten business days of the date of judgment.

**ENTERED February 26, 2018.**

*Pamela B. Johnson*

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Compensation Hearing Order Granting Summary Judgment was sent to the following recipients by the following methods of service on February 26, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Lonn Douglas Reas, Self-Represented Employee | X | | X | 813 Bridle Court Seymour, Tennessee 37865 lonnreas@gmail.com |
| Catheryne L. Grant, Employer's Attorney | | | X | catherynelgrant@feeneymurry.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

6